UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE CHRISTOPHER SMITH,

Plaintiff,

v.

XAVIER BECERRA, et al.,

Defendants.

No. 2:19-cv-0287 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis, first amended complaint[1] for screening, and various motions. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, recommends dismissal of plaintiff's claims based in the Fresno Division of this court, and finds plaintiff fails to state any potentially cognizable claims. This court will dismiss plaintiff's complaint with leave to amend.

////

////

////

[1] Before plaintiff's complaint was screened, he filed a first amended complaint. Accordingly, the court screens the amended complaint. Plaintiff also filed a motion to amend the complaint. Because plaintiff was entitled to amend his complaint once as of right, his motion will be denied as moot. See Fed. R. Civ. P. 15.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[2] Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

[2] Plaintiff was apparently having trouble obtaining a copy of his certified trust account statement. He moved to compel the California Department of Corrections and Rehabilitation ("CDCR") to provide it. (ECF No. 9.) CDCR provided the court with a copy of plaintiff's statement. (ECF No. 13.) Accordingly, plaintiff's motion to compel will be denied as moot.

pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

Plaintiff identifies well over 100 defendants and appears to be attempting to allege claims of violations of his rights at various prisons and detention centers throughout the Eastern District of California. Plaintiff further appears to allege that state officials, such as defendants Xavier Becerra, the California Attorney General, and Scott Kernan, the Secretary of the California

Department of Corrections and Rehabilitation, are involved in a conspiracy with prison and detention center staff, district attorneys, and judges to deprive plaintiff of his rights. (ECF No. 4.)

Initially, the court notes that plaintiff's claims involving conduct that occurred in Kern or Kings County are not properly brought in this division of the Eastern District of California. Kern and Kings Counties are part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 120(d). If plaintiff wishes to pursue those claims, he must file them in that division.

The court recognizes that in one of plaintiff's many motions, he asks that he be permitted to file his claims in the Sacramento Division. (ECF No. 1 at 19-25.) Plaintiff argues he should be permitted to proceed in the Sacramento Division because he alleges an overarching conspiracy involving all defendants, some of whom reside in counties within the Sacramento Division, and because he feels that the Fresno Division unfairly rejected some of his filings. However, as set forth below, plaintiff does not allege facts showing a conspiracy and he may not bring suit under § 1983 against many of the defendants he identifies. This court will deny plaintiff's motion for a "change of venue" and plaintiff will be required to raise any claims arising in the Fresno Division in that division as required by Local Rule 120(d).

To the extent plaintiff is bringing claims regarding conduct at California State Prison-Corcoran (see ECF No. 4 at 10, 11-12), which lies in the Sacramento Division of the Eastern District so venue is appropriate here, this court is unable to discern any potentially cognizable claims for relief. Plaintiff will be given an opportunity to amend his complaint. Plaintiff is advised that he must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act

or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- The following people are typically not appropriate defendants in a § 1983 action: (1) judges, see Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987) ("Judges are absolutely immune from civil liability for damages for their judicial acts."); (2) prosecutors, see Imbler v. Pachtman, 424 U.S. 409, 431 (1976); (3) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (4) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).
- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). Each separate claim should be contained in a separate, numbered set of paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).
- Plaintiff must comply with California's Government Claims Act before attempting to add any state law claims to his federal § 1983 case. See Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.")

While the court is unable to determine just what constitutional claims plaintiff is attempting to assert, it appears plaintiff may be alleging all or some of the following. Below is a brief description of the legal standards for these claims:

- If plaintiff is attempting to allege an Eighth Amendment medical claim, he must show that he had a serious medical need and that defendant responded to that need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).
- If plaintiff is attempting to allege a claim for excessive force, he must allege facts showing that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).
- Allegations of a conspiracy do not, in themselves, state "a constitutional tort under § 1983." A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

- To the extent plaintiff is attempting to allege a claim that false reports were filed against him, he is advised that the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).
- To the extent plaintiff is attempting to allege a claim regarding the grievance process, he is advised that prisoners are not entitled to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTIONS**

After filing his first amended complaint, plaintiff filed multiple motions. None have merit. For the reasons set forth above, his motions to amend the complaint (ECF No. 5) and to compel (ECF No. 9) will be denied as moot and his motion to change venue will be denied (ECF No. ECF No. 1 at 19-25).

Plaintiff also moves for "Joinder of Claims." (ECF No. 6.) First, the court does not "join" cases. Rather cases that involve the same property, transaction or event and have similar questions of fact and law may be "related" and assigned to the same judge to effect a substantial saving of judicial effort and to make the litigation more convenient for the parties. See E.D. Cal. R. 123. Plaintiff states that six other cases he has filed in this district, four in the Fresno Division and two in the Sacramento Division, provide the underlying basis for the conspiracy claims plaintiff alleges here. As described above, there is no stand-alone claim under § 1983 for

conspiracy and this court is unable to discern any connection between plaintiff's allegations of conduct at various prisons and detention centers that would justify relating all of his cases. Plaintiff's conclusory statements of a conspiracy are insufficient to support such a contention and his motion to "join" or relate these cases should be denied.

The court is concerned about a statement in plaintiff's motion for joinder of claims that indicates his allegations in the present case are nothing more than an attempt to connect six other, otherwise unconnected, cases. Because, as described above, the court does not find plaintiff has stated a "conspiracy" claim, if plaintiff's allegations regarding conduct at CSP-Corcoran are the same as his allegations in one of his prior filings, he should dismiss this action.

Plaintiff filed a motion in which he seeks "Relief from Judgment" under Federal Rule of Civil Procedure 60. (ECF No. 7.) Plaintiff appears to be challenging a determination made in a case in the Fresno Division of this court. Plaintiff must file any motion seeking relief under Rule 60 in that case. See United States v. Foy, 803 F.3d 128, 134-35 (3rd Cir. 2015). This motion should be denied as well.

Finally, plaintiff filed a document entitled "Notice of Error of Law." (ECF No. 14.) Plaintiff states that he wishes to correct some errors in his complaint and in his motion for injunctive relief. He describes this 229-page filing as a "supplement" to his complaint and motion. The court will not review plaintiff's most recent filing. If plaintiff seeks to file an amended complaint, he may do so as described below. However, he must comply with the standards set out in this order. To the extent plaintiff is seeking a temporary restraining order or other injunctive relief, something that was not apparent from his prior filings, he must file a separate motion. Plaintiff is warned, however, that this court will not consider a motion for injunctive relief unless and until plaintiff has stated a cognizable claim for relief.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to

the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint (ECF No. 4) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district and to randomly assign a district judge to this case.
6. Plaintiff's motion to amend his original complaint (ECF No. 5) is denied as moot.
7. Plaintiff's motion to compel (ECF No. 9) is denied as moot.
8. Plaintiff's motion to change venue (ECF No. 1 at 19-25) is denied.

Further, IT IS RECOMMENDED that:

1. Plaintiff's claims arising in the Fresno Division of this court be dismissed without prejudice to their renewal in a separate action in that division.
2. Plaintiff's motion for "Joinder of Claims" (ECF No. 6) be denied.
3. Plaintiff's motion for "Relief from Judgment" (ECF No. 7) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

////

time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/smit0287.scrn