UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | No. 2:19-cv-0287 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| XAVIER BECERRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, the court will transfer this action to the Fresno Division of this court.

**BACKGROUND**

Plaintiff initiated this action in February 2019 by filing a complaint and then, shortly thereafter, filing a first amended complaint. Plaintiff alleged conduct by over 100 defendants in prisons and other venues throughout this district. On screening, this court found plaintiff stated no potentially cognizable claims for the Sacramento Division of this court. Plaintiff was advised that his claims arising in the Fresno Division, which includes Kern and Kings Counties, must be filed there. (ECF No. 19 at 3-4.) Plaintiff was then advised of the legal standards for stating claims for relief under § 1983 and he was provided with the legal grounds for some of the claims he appeared to be attempting to allege. (Id. at 4-7.) The court dismissed plaintiff's claims

arising in the Fresno Division (ECF Nos. 19, 26) and permitted plaintiff to file a second amended complaint. On September 12, 2019, plaintiff filed a second amended complaint.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's allegations are, again, extremely difficult to decipher. The court first addresses several preliminary matters. First, despite informing plaintiff that he may not bring claims in this action involving conduct that occurred in the Fresno Division of this District, he has done so. Plaintiff identifies over twenty-five defendants at the California Correctional Institution ("CCI") in Tehachapi and several at Wasco State Prison ("WSP") in Wasco. Tehachapi and Wasco are located in Kern County. As plaintiff was informed in the prior screening order, claims arising in Kern County may not be raised in this action. This court will not consider any of the allegations against defendants at CCI, WSP, or others whose conduct occurred in Kings or Kern County.

Second, plaintiff's claims involving conduct at California State Prison-Corcoran must also be raised in the Fresno Division. This court recognizes that it previously identified Corcoran as being in the Sacramento Division. That was an error. Corcoran is located in Kings County, which lies in the Fresno Division.

Third, the remaining defendants are high-level officials at the California Department of Corrections and Rehabilitation ("CDCR") and the California Attorney General. Claims against those defendants could be considered to arise in this division because those defendants are located

here. That said, plaintiff fails to state cognizable claims for relief against them. Plaintiff was informed in the prior screening order that to state a claim, he must briefly describe the facts which show just what a defendant did to violate his constitutional rights. Plaintiff states throughout his SAC that high level officials "based on [plaintiff's] protected conduct before the Court authorized" other defendants to violate his constitutional rights. That statement is insufficient to support a claim against the high level officials.

In order to state a claim, plaintiff must not state a legal conclusion. Rather, he must state the facts that show just what that official has done to violate his rights. Plaintiff fails to state any potentially cognizable claims against high level prison officials. Moreover, to the extent plaintiff may be able to state a claim against any high-level prison officials, those claims appear to be intertwined with plaintiff's claims involving conduct occurring at CCI, WSP, and Corcoran. Therefore, the Fresno Division of this court is the appropriate venue for those claims.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. This action will be transferred to the Fresno Division of the court.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and
2. All future filings shall reference the new Fresno case number assigned and shall be filed at:
   United States District Court
   Eastern District of California
   2500 Tulare Street
   Fresno, CA 93721

Dated: September 27, 2019

DLB:9
DLB1/prisoner-civil rights/smit0287.SAC 22

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3