UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>BECERRA, et al.,<br><br>  Defendants. | 1:19-cv-01358-NONE-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 28)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 14, 2019, in the Sacramento Division of this Court. Following screening and transfer to this Division, Plaintiff's second amended complaint, filed on September 12, 2019, is currently before the Court for screening. (ECF No. 28.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Procedural History of Plaintiff's Claims

### A.     Summary of Plaintiff's Allegations

Plaintiff is currently housed at Pelican Bay State Prison. This case is another in a series of cases where Plaintiff is attempting to allege a grand conspiracy among numerous officers at various institutions during many years of his confinement. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"), Wasco State Prison ("WSP"), California State Prison at Corcoran ("Corcoran"), and at California Correctional Institution ("CCI") at Tehachapi. Plaintiff alleges claims against wardens, assistant wardens, correctional officers, and supervisors at these institutions. He also alleges claims against representatives of the County of Kings and the County of Kern for conduct related to RVRs referred for criminal prosecutions. Plaintiff names over 63 different individuals as defendants, involving various incidents spanning many years from 2013 to 2018. Plaintiff alleges First Amendment violations for retaliation, Fourth Amendment illegal search and seizure violations, Eighth Amendment deliberate indifference and excessive force claims, Fourteenth Amendment abuse of process and Due Process rights, and federal and state assault and battery claims. Plaintiff also alleges defamation against the representatives named in the complaint for the Counties of Kern and Kings.

In the interest of judicial economy, the Court will not detail each of the allegations or each of the defendants, because the claims all are very similar, albeit involving different defendants at different institutions and on various dates spanning the many years. Plaintiff alleges the incidents occurred on April 16, 2015; August 17, 2015; September 2, 2015; August 3, 2016; May 5, 2016; August 15, 2016; August 27, 2016; September 16, 2016; December 15, 2016; March 5, 2017; May 5, 2017; November 30, 2017; and October 2018. Plaintiff alleges that on various dates he was subjected to excessive force and searches in retaliation for his protective conduct before the court and was, at times, denied medical care. Plaintiff alleges the Secretary of the Department of Corrections and Rehabilitation authorized and conspired with/ordered each of the officers to engage in the excessive force and authorized the officers to author false Rule Violations Reports. Plaintiff alleges he was denied Due Process at the Rule Violations Reports hearings through the conspiracy of the defendants and defendants referred him to be criminally prosecuted using false evidence. He alleges the County defendants for County of Kings and County of Kern defamed him by such criminal prosecutions. Plaintiff also alleges that his attorney, in October 2018, entered a guilty plea for Plaintiff which Plaintiff did not authorize. In addition to the above, Plaintiff alleges that in September 2013, he was denied access to the prison library by Defendants Holland and Grant, resulting in missing the deadline to file before the court.

**Relief:** Plaintiff requested declaratory judgment, punitive damages and compensatory damages.

### B. Plaintiff's Prior Cases and Misjoined Claims

In this section, the Court summarizes Plaintiff's other cases involving similar type of misjoined parties and claims to provide the context for this Court's ruling in the instant case.

On September 14, 2016, Plaintiff had filed a previous action alleging a grand conspiracy spanning many years and over numerous institutions, with numerous misjoined claims. Smith v. Chanelo, Case No. 1:16-cv-1356- NONE-BAM. On September 14, 2016, Plaintiff filed a civil rights complaint against 36 defendants alleging similar types of claims over the time span of 2013 to 2015. After multiple screenings, in which Plaintiff was told he could not bring in one case all claims he has arising from different incidents on different dates, spanning multiple years,

involving different defendants and at different institutions, the Court severed the misjoined claims. The misjoined claims were opened in four separate actions: (1) Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013, Smith v. Chanelo, Case No. 1:16-cv-1356- NONE-BAM ("Smith I"); (2) the Court severed the misjoined claim for excessive force for the incident of September 9, 2013 against Defendant D. Knowlton; see Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM; (3) severed the misjoined claim for excessive force for the incident of November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; see Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM; and (4) severed the misjoined claim for excessive force for the incident of February 6, 2014 against Defendants D. Gibbs and D. Hardy, Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM. The Court informed Plaintiff that his other improperly joined claims could not proceed, and Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and all other the remaining claims and defendants be dismissed without prejudice for failure to state a cognizable claim. Thus, because Plaintiff had misjoined claims, he was allowed to proceed only on some of the claims, and others were dismissed without prejudice.

**C.     In this Case, Plaintiff was Advised against Misjoining Defendants and Claims**

In the current action, Plaintiff initiated the case in the Sacramento Division of this District, the improper division for pursuing his claims.[1] As part of his filings, Plaintiff also filed a motion attempting to rejoin all the claims and the cases which the Court had previously severed, as discussed above. (ECF No. 6.) He also moved for "relief from judgment" from the Court's order severing Plaintiff's improperly joined claims into multiple cases. (ECF No. 7.)

In ruling on Plaintiff's motion to rejoin claims and the "relief from judgment," the Court ruled "None [of the motions] have merit." (ECF No. 19.) The Court denied the motion to join

---

[1] Plaintiff filed his action in Sacramento Division, rather than the Fresno Division, because he felt that the Fresno Division unfairly rejected some of his filings. (See ECF No. 19, p. 4.) In denying Plaintiff's request to venue the case in Sacramento, the Court rejected Plaintiff's argument and stated that because his claims arose in the Fresno Division, if he wished to pursue his claims, he must file in the Fresno Division. (Id.)

claims stating, "Plaintiff's conclusory statements of a conspiracy are insufficient to support such a contention and his motion to 'join' or relate these cases should be denied." (Id. at 8.)  In rejecting the motions, the Court stated that Plaintiff was doing "nothing more than an attempt to connect six other, otherwise unconnected, cases."  (Id.)

Next, in screening the complaint, the Court found that, "Plaintiff identifies well over 100 defendants and appears to be attempting to allege claims of violations of his rights at various prisons and detention centers throughout the Eastern District of California." (ECF No. 19, p. 3.)  Also in screening the complaint, the Court rejected Plaintiff's "overarching conspiracy" theory and "plaintiff does not allege facts showing a conspiracy."  (Id.)  The Court advised Plaintiff that he must adhere to the certain legal standards for stating claims for relief under § 1983, including: supervisors are not liable for the actions of their employees under § 1983; unrelated claims against different defendants belong in different suits; and simply alleging a "conspiracy" does not transform unrelated claims into related claims.  Plaintiff was warned that "there is no stand-alone claim under § 1983 for conspiracy and this court is unable to discern any connection between plaintiff's allegations of conduct at various prisons and detention centers that would justify relating all of his cases.  Plaintiff's conclusory statements of a conspiracy are insufficient to support such a contention and his motion to 'join' or relate these cases should be denied." (ECF No. 19, pp. 7–8.)  The Findings and Recommendations were adopted in full.  Plaintiff was granted leave to amend but was on notice in this action that he must amend his complaint with properly joined and related claims and must not join unrelated defendants.

**D.    Plaintiff has been Found to be Acting in Bad Faith for the Same Conduct**

Plaintiff has been warned multiple times, in multiple actions, that he was acting in bad faith, needlessly multiplying actions and wasting judicial resources for improperly joined claims and defendants.

1.    Smith I - Finding of Plaintiff's Bad Faith

In Smith I, Case No. 1:16-cv-01356, Plaintiff's complaint originally named over 36 individuals as defendants and involved incidents spanning many years.  As more thoroughly discussed above, after Plaintiff's failure to properly join claims and defendants pursuant to

5

Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain claims and to dismiss other misjoined claims. Smith I, ECF No. 12.

Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. Smith I, ECF Nos. 20, 22, 24. All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever Smith I and dismiss the otherwise unrelated claims. Id., ECF No. 27. In particular, the Court denied Plaintiff's request to file a second amended complaint because the proposed second amended complaint named at least twenty additional defendants, and upon review of the allegations therein, the Court again found no support for the existence of a vast conspiracy against Plaintiff such that this case should be expanded. In Smith I, the Court also denied Plaintiff motion for relief from judgment, which asked to proceed against more than 100 named defendants in a single action. Smith I, ECF Nos. 58, 59.

Expressing frustration that Plaintiff was yet again raising already ruled-on issues, the Court stated: "This Court has ruled on Plaintiff's request to add defendants and claims multiple times and will not expend any further resources on this request." Id., ECF No. 58, p. 4. Plaintiff's repeated attempts to join misjoined parties was construed as bad faith: "Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion <u>is brought in bad faith</u>. Plaintiff was given multiple opportunities prior to the severance of these claims to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking." Smith I, ECF No. 58, p. 4 (emphasis added). Thus, Plaintiff has already been found to be acting in bad faith for similar conduct.

          2.     <u>Smith v. Weiss - Finding of Plaintiff's Bad Faith</u>

In a similar motion for relief of judgment by Plaintiff in Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM, Plaintiff sought again to rejoin the misjoined defendants and claims

6

severed in Smith I. The Court again denied Plaintiff's request to rejoin the dozens of defendants from different institutions spanning many years. The Court noted that it had ruled on Plaintiff's request to add defendants and claims multiple times and would not expend any further resources on this request. The Court stated that the motion: "is another attempt by Plaintiff to reintroduce defendants and claims that were already dismissed as improperly joined. Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court found that the motions brought in bad faith." See Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM., (ECF No. 38, p. 6–7) (emphasis added). Thus, Plaintiff was found to have acted in bad faith.

          3.      Smith v. Knowlton and Smith v. Gibbs – "Motion for Relief" of Judgment

Plaintiff continues his quest to rejoin the claims which the Court has severed. Similar motions by Plaintiff for "relief from judgment" are pending in the severed cases of Smith v. Knowlton, Case No. 1:18-cv-00851 (ECF No. 16) and in Smith v. Gibbs, Case No. 1:18-cv-00854 (ECF No. 29.) The motions for relief from judgment seek to join the various claims which the Court has severed as improperly joined.

**III.   Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20.

    **A.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff may be able to state cognizable claims against some defendants, but the remainder of Plaintiff's complaint contains misjoined claims or are not cognizable, which

Plaintiff is on notice, is not permissible. As explained below, leave to amend should not be granted.

### B.     Federal Rules of Civil Procedure 18 and 20

As Plaintiff is well aware, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As Plaintiff has been previously informed, Plaintiff may not raise different claims against different defendants that are unrelated. Plaintiff has been informed multiple times the fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. excessive force by different actors on different dates, under different factual events) does not make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

As Plaintiff has been previously told many times, Plaintiff may not bring in one case all claims he has arising from different incidents arising on different dates, spanning multiple years, involving different defendants and at different institutions. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607. Plaintiff's second amended complaint is neither short nor plain. Rather, it is 18 pages of densely compacted written text describing numerous incidents and purported alleged violations. Plaintiff's allegations concern multiple events occurring at various times during his incarceration at Corcoran, CCI, CSW, and KVSP, and he names more than 63 different defendants. Many of Plaintiff's allegations are based on conjecture or are conclusory in nature. For instance, he alleges that John Doe Secretary of

CDCR on March 5, 2017 authorized certain defendants to use illegal physical force and authorized defendants to author an illegal crime report for resisting. (See e.g., ECF No. 28, p. 13.) Plaintiff alleges various defendants engaged in physical force against him but fails to describe the force, what happened, and whether Plaintiff was injured.

Despite numerous Court admonitions to Plaintiff, Plaintiff continues to pursue unrelated claims involving different sets of defendants while simultaneously pursuing other unrelated claims against different sets of defendants. Plaintiff failed to heed this Court's order and continues to name over 63 different individual defendants for unrelated claims. Indeed, Plaintiff's complaint details various events taking place between 2013 to 2017 and involves a multitude of defendants.

Plaintiff was also warned that Plaintiff's assertion of a broad conspiracy among the defendants is not sufficient to permit multiple claims against multiple parties to proceed in this action. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). A bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Plaintiff has not followed the Court's orders in curing these pleading deficiencies.

The Court has made a diligent attempt to parse the lengthy diatribe of Plaintiff's interactions with over 60 people into cognizable claims. It is not, however, the Court's responsibility to ferret out cognizable claims. "The Court is not obligated to endlessly sift through plaintiff's confusing factual allegations in an attempt to construct cognizable claims on plaintiff's behalf." Polk v. Beard, No. EDCV 13–1211–BRO, 2014 WL 4765611, at *5 (C.D. Cal. June 20, 2014), report and recommendation adopted, No. EDCV 13–1211–BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, No. 14–56884, 2017 WL 2839502 (9th Cir. July 3, 2017). "It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." Pinaki v. Unknown Palmer, 2014 WL 6983337, *2 (D. Ariz. 2014).

### C. Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names Defendant Secretary of CDCR Diaz, former Secretary of CDCR Kernan, California Attorney General Becerra, various Wardens and Associate Wardens, and other individuals who hold supervisory level positions. However, Plaintiff has been repeatedly advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory defendants participated in or directed conduct associated with his claims or instituted a constitutionally deficient policy. Plaintiff alleges conclusory allegations that Defendant Secretary of CDCR Diaz authorized physical assaults against Plaintiff and authorized false RVRs. Plaintiff does not describe any specific action taken by these defendants or specific policy, but instead offers vague and conclusory allegations of the involving of these defendants in alleged constitutional violations. Such conclusory allegations are insufficient to state a cognizable claim. Despite being provided the requisite legal standards, Plaintiff has been unable to cure this defect. Plaintiff continues to seek to hold the supervisors liable "under respondeat superior."

///

///

### IV. Plaintiff Should Not Be Granted Leave to Amend

The Court must now determine whether to allow Plaintiff leave to further amend. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,] . . . a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Nevertheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment.' " Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) (quoting Foman, 371 U.S. at 182) (alterations omitted). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of

1    leave to amend appropriate where further amendment would be futile).

2          The Court finds that Plaintiff's conduct is in bad faith. Plaintiff was previously informed
3    that, in the event he chooses to amend his complaint, he must file a proper pleading that complies
4    with the appropriate legal standards, and he must decide which transaction or occurrence he
5    wishes to pursue in this action. Plaintiff has been told time and again, over at least four different
6    litigations and various Court orders, that he cannot join in the same lawsuit every person who has
7    contacted him during his incarceration. He must bring unrelated claims in different actions.
8    Plaintiff has not done so, or refuses to do so. Plaintiff was previously informed of the
9    requirement to limit the claims asserted in this action and to include relevant facts linking the
10   Defendants to unconstitutional conduct. Despite such explicit advisements, Plaintiff has not only
11   continued to assert unrelated claims and failed to properly link them to Defendants, but it appears
12   he has also included new claims against Defendants at different institutions. This case is not an
13   isolated instance where a plaintiff, unfamiliar with pleading standards, fails to comply with Court
14   orders. This conduct is deliberate. The Court instructed Plaintiff that he may not bring unrelated
15   claims and must allege a short plain statement of his claims. Plaintiff simply is acting in bad faith
16   in refusing to abide by court orders.

17         Here, the Court finds that permitting Plaintiff to amend, yet again, would be a futile act
18   and a reward for bad faith conduct. Plaintiff has repeatedly failed to state a claim in the manner
19   required by Federal Rule of Civil Procedure 8, 18 or Rule 20 despite particular and repeated
20   guidance by the Court, in this action as well as other actions where specific guidance and reasons
21   were provided to Plaintiff. Yet, in each complaint and with each motion to rejoin claims, Plaintiff
22   continues to try to join claims the Court has ruled time and again were improper. In this
23   particular action, the misjoinder of 63 defendants and the panoply of claims spanning many years
24   demonstrate Plaintiff will not comply with court orders. His conduct is in bad faith because he
25   will not abide by court orders and therefore should not be permitted to amend yet again only to
26   join dozens of defendants in unrelated claims, and further drain scarce judicial resources.

27         District courts have particularly broad discretion to dismiss without leave to amend based
28   on futility where a plaintiff has amended once already. Here, Plaintiff has amended. Plaintiff is

12

well informed of this Court's repeated guidance and legal standards, yet Plaintiff either refuses to or otherwise is unable to comply with the Court's orders. See Zucco, 552 F.3d at 1007, as amended (Feb. 10, 2009).  Plaintiff is either unwilling or unable to follow the Court's instructions.  If amendment would be futile, the court may dismiss the complaint with prejudice. Mujica v. AirScan Inc., 771 F.3d 580, 593 & n.8 (9th Cir. 2014).

## V.     Conclusion and Recommendation

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's case be DISMISSED for failure to state a claim, without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 20, 2020**             /s/ Barbara A. McAuliffe            
                                       UNITED STATES MAGISTRATE JUDGE