UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BECERRA, *et al.*,<br><br>　　　　Defendants. | No. 1:19-cv-01358-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)<br><br>(Doc. No. 42) |

Plaintiff Lawrence Christopher Smith is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 18, 2020, the court adopted the assigned magistrate judge's findings and recommendations in full and dismissed this action, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 40.) Judgment was entered, and the action was closed. (Doc. No. 41.)

On September 10, 2020, plaintiff filed the instant motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 42.) As with plaintiff's objections to the findings and recommendations, plaintiff's motion includes yet another proposed amended complaint which he alleges complies with the Federal Rules of Civil Procedure, and he requests that this action be consolidated with several other pending actions.

/////

   Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

   It is clear from plaintiff's motion that he is seeking another opportunity to amend his complaint, rather than reconsideration of the court's order.  Despite being provided guidance by the court, plaintiff has deliberately, repeatedly and in bad faith pursued attempts to bring improperly joined claims and defendants into a single action.  He has failed to state a cognizable claim in his original complaint or the numerous filed and proposed amended complaints that followed.

   The court finds no grounds upon which to reconsider its final order and judgment dismissing this action for failure to state a claim.  Plaintiff has introduced no new evidence nor come forward with any new allegations that would cure the deficiencies identified by the April 21, 2020 findings and recommendations.  The allegations in his motion for reconsideration, even if considered and construed in the light most favorable to plaintiff, do not support reconsideration of the court's dismissal of this action.  While plaintiff's proposed amended complaint does eliminate some of the improperly misjoined claims he previously presented to the court, he still has failed to include relevant alleged facts linking the defendants to his remaining allegations of unconstitutional conduct.  Rather, plaintiff's allegations are entirely conclusory.  (*See., e.g.*, Doc. No. 42 at 10–11 (plaintiff alleging certain defendants utilized excessive force against him but failing to provide any facts to support an inference that any force used was excessive under

whatever circumstances prevailed at the time the force was applied).)

    For these reasons, plaintiff's motion to alter or amend the judgment, (Doc. No. 42), is denied.  This action remains closed.

IT IS SO ORDERED.

  Dated:   **October 2, 2020**              _/s/ Dale A. Drozd_
                                                UNITED STATES DISTRICT JUDGE