# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>BECERRA, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01358-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART MOTION TO REOPEN TIME TO FILE APPEAL<br><br>(ECF. No. 45)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Lawrence Christopher Smith ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On August 18, 2020, the assigned District Judge adopted the undersigned's findings and recommendations in full and dismissed this action, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted. (ECF No. 40.) Judgment was entered accordingly the same date, and the action was closed. (ECF No. 41.)

On September 10, 2020, Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 42.) The Court denied the motion on October 5, 2020. (ECF No. 43.) That order was served on Plaintiff's address of record at Corcoran State Prison the same date, but on October 28, 2020, was returned as "Undeliverable, Inmate Refused." Plaintiff filed a notice of change of address, indicating his return to Corcoran State Prison, on November 23, 2020, (ECF No. 44), and the Court's order denying the motion to alter or amend judgment was re-served the same date.

1

Currently before the Court is Plaintiff's motion to reopen the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), filed December 22, 2020. (ECF No. 45.) In his motion and declaration in support, Plaintiff states that on October 7, 2020, he was placed into the custody of the Kern County Sheriff's Department due to an underlying criminal court proceeding. Plaintiff was returned back to the custody of correctional officials at Wasco State Prison on October 15, 2020. Plaintiff states that he was not returned to Corcoran State Prison until November 5, 2020. Shortly thereafter, Plaintiff filed his notice of change of address with the Court, and Plaintiff alleges that included with that notice was a declaration explaining that he was unable to timely notify the Court of his address changes from October 7, 2020 through November 5, 2020 because he was denied stationary by correctional staff.[1] Plaintiff received the re-served copy of the Court's order denying his motion to alter or amend judgment on December 1, 2020. Plaintiff's motion to reopen the time to file his appeal is dated and signed December 3, 2020. Plaintiff requests that the Court reopen the time for filing his appeal by no less than thirty days from the date the Court's order is issued granting such relief. (Id.)

A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Notices of appeal filed by inmates confined in an institution are considered timely if deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c). If a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59 is filed, the time to file an appeal runs for all parties from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). Combined with the prison mailbox rule, Fed. R. Civ. P. 6(d), any appeal of the Court's August 18, 2020, judgment and October 5, 2020 order denying Plaintiff's motion to alter or amend judgment was due on or before November 9, 2020.

The Court may reopen the time to file an appeal "for a period of 14 days after the date when its order to reopen is entered" pursuant to Federal Rule of Appellate Procedure 4(a)(6), but

---

[1] The Court notes that no such declaration was attached to the notice of change of address received by the Court on November 23, 2020. (See ECF No. 44.) However, the omission does not change the Court's analysis of the instant motion.

2

only if all of the following conditions are satisfied: (1) the Court must find that the moving party did not receive notice of the entry of the judgment within 21 days after entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) the Court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6).

Plaintiff declares under the laws of the United States of America that he did not receive the Court's order denying his motion to alter or amend judgment until December 1, 2020, (ECF No. 45, p. 5.), and the Court's docket similarly reflects that original service of the order was returned by mail as undeliverable on October 28, 2020.  The Court therefore finds that Plaintiff did not receive notice of the entry of judgment within 21 days after entry.  Plaintiff's motion to reopen the time to file his appeal was also filed well within 180 days after the Court's order denying the Rule 59 motion (and after entry of judgment), and was also filed only two days after he apparently received re-service of the Court's order denying the Rule 59 motion.  Finally, the Court finds that no party would be prejudiced by an extension here.  The three conditions are therefore satisfied.

However, the Court cannot grant the requested extension of thirty days.  Pursuant to Federal Rule of Appellate Procedure 4, the Court is permitted to reopen the time to file an appeal for only a period of 14 days after the date when the order to reopen is entered.  Fed. R. App. P. 4(a)(6).

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to reopen the time to file a notice of appeal, (ECF No. 45), is GRANTED IN PART.  Plaintiff's notice of appeal is due within **fourteen (14) days** from the date of entry of this order.

IT IS SO ORDERED.

Dated:  **December 23, 2020**          /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE