1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAWRENCE CHRISTOPHER SMITH,          No.  1:19-cv-01358-DAD-BAM (PC)

12              Plaintiff,                  Appeal No. 21-15068

13         v.                              ORDER DENYING MOTION FOR LEAVE
                                           TO PROCEED *IN FORMA PAUPERIS* ON
14    BECERRA, *et al.*,                    APPEAL

15              Defendants.                (Doc. No. 47)

16

17         Plaintiff Lawrence Christopher Smith is a state prisoner who proceeded *pro se* and *in*

18    *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19         On April 21, 2020, the assigned magistrate judge issued findings and recommendations

20    recommending that plaintiff's case be dismissed for failure to state a claim, without leave to

21    amend.  (Doc. No. 34.)  The magistrate judge specifically found that granting further leave to

22    amend would be a futile act and a reward for plaintiff's bad faith conduct.  (*Id.* at 11–13.)  The

23    findings and recommendations were adopted in full on August 18, 2020.  (Doc. No. 40.)

24    Judgment was entered accordingly the same date.  (Doc. No. 41.)  On September 10, 2020,

25    plaintiff filed a motion to alter or amend judgment, which was denied on October 5, 2020.  (Doc.

26    Nos. 42, 43.)

27         On December 23, 2020, the magistrate judge granted in part plaintiff's motion to reopen

28    the time to file an appeal.  (Doc. Nos. 45, 46.)  Accordingly, on January 11, 2021, plaintiff timely

                                            1

filed a notice of appeal, together with a motion to proceed *in forma pauperis* on appeal.[1]  (Doc.

Nos. 47, 48.)  In addition, by notice entered January 19, 2021, the United States Court of Appeals

for the Ninth Circuit referred this matter to the District Court for the limited purpose of

determining whether *in forma pauperis* status should continue for this appeal or whether the

appeal is frivolous or taken in bad faith.  *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Amer.*

*Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is

appropriate where the district court finds the appeal to be frivolous).

  For the reasons discussed below, the court certifies plaintiff's appeal is not taken in good

faith, and his *in forma pauperis* status is revoked.

  The Federal Rules of Appellate Procedure provide as follows:

> (3) **Prior Approval.**  A party who was permitted to proceed in forma pauperis in
> the district-court action . . . may proceed on appeal in forma pauperis without
> further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that
> the appeal is not taken in good faith or finds that the party is not otherwise entitled
> to proceed in forma pauperis and states in writing its reasons for the certification
> or finding[.]

Fed. R. App. P. 24(a)(3)(A).

  Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the

trial court certifies in writing that it is not taken in good faith."  The good faith standard is an

objective one, and good faith is demonstrated by when an individual "seeks appellate review of

any issue not frivolous."  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes

of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).

  A review of the record in this action and the memorandum of law filed in support of the

motion to proceed *in forma pauperis* on appeal reveals that plaintiff's appeal is merely an effort

---

[1] Pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date it was delivered to prison authorities for mailing to the court clerk.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).  Because the proof of service attached to plaintiff's notice of appeal and motion to proceed *in forma pauperis* on appeal is dated January 2, 2021, (Doc. No. 47, p. 3), the filing is deemed timely.

to continue the same bad faith conduct for which this action was dismissed, namely, deliberately and repeatedly attempting to bring improperly joined claims and defendants into a single action. Therefore, for the reasons stated in the magistrate judge's April 21, 2020 findings and recommendations, adopted in full by this court on August 18, 2020, the court certifies that plaintiff's appeal is not taken in good faith.

Accordingly,

1. Plaintiff's motion to proceed *in forma pauperis* on appeal, (Doc. No. 47), is denied;

2. Pursuant to 28 U.S.C. § 1915(a)(3), plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 21-15068;

3. The Clerk of the Court is directed to notify the United States Court of Appeals for the Ninth Circuit that this court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that plaintiff's appeal is not taken in good faith, and he must therefore seek further authorization from the Court of Appeals pursuant to Rule 24(a)(5) to obtain leave to proceed *in forma pauperis* on appeal; and

4. The Clerk of the Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   __January 21, 2021__        _____

UNITED STATES DISTRICT JUDGE